# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>THE LINDEN CORPORATION, INC.,<br><br>                       Debtor | Chapter 7<br>Case No. 05-17551-RS |
| GARY W. CRUICKSHANK,<br>  CHAPTER 7 TRUSTEE,<br><br>                      Plaintiff<br><br>v.<br><br>CATONE TRAVEL AGENCY, INC.,<br><br>                      Defendant | Adversary Proceeding<br>No. 06-1219 |

## MEMORANDUM OF DECISION
## REGARDING ABSTENTION AND DISMISSAL

The complaint herein is a simple demand by the Chapter 7 for recovery on a prepetition account receivable of the Debtor. As such, it is a *Marathon*-type action, one that could have been filed by the Debtor prepetition, that does not arise under the Bankruptcy Code, and that is not unique to bankruptcy. For these reasons it is not a core proceeding within the meaning of 28 U.S.C. § 157,[1] and the Court may not enter a final judgment in the matter without the express consent of both parties. 28 U.S.C. § 157(c). The Plaintiff has consented but the Defendant has not. Therefore, the Court could, at best, hear the matter and enter only proposed findings and conclusions, subject to review de novo in the United States District Court, as required by 28

---

[1] The Plaintiff suggests this is a core proceeding because it is (1) a turnover action and (2) a proceeding affecting the liquidation of the assets of the estate. The Court disagrees. This is not a true turnover action: it seeks payment on an account, not a turnover of funds belonging to the Debtor. Nor is it "a proceeding affecting the liquidation of the assets of the estate" within the meaning of 28 U.S.C. § 157(b)(2)(O), which contemplates bankruptcy-specific proceedings such as under 11 U.S.C. § 363(b), (f), and (h), not such liquidation actions as the debtor itself could have brought prepetition.

U.S.C. § 157(c)(1). This procedure would render the proceedings in the Bankruptcy Court nonbinding, leading to duplicative proceedings in the District Court. This process is inefficient for both the court and the parties and therefore disfavored except in unusual circumstances not present here. As the matter can be prosecuted in a state court of competent jurisdiction in which it would be litigated only once, this Court will, in the interest of justice, abstain under 28 U.S.C. §1334(c)(1). A separate order of abstention and dismissal will enter accordingly.

Date: December 11, 2006

*Robert Somma*
Robert Somma
United States Bankruptcy Judge

cc: Gary Cruickshank, Esq., Plaintiff
    Dawn F. Oliveri, Esq., for Defendant